UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

MAY 1 0 2013

Clerk, U.S. District and
Bankruptcy Courts

GERALD HENNEGHAN, *et al.*,　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiffs,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　v.　　　　　　　　　　　　　　)　　　Civil Action No.　　13-678
　　　　　　　　　　　　　　　　　　)
DISTRICT OF COLUMBIA,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendant.　　　　　 )

## MEMORANDUM OPINION

This matter comes before the Court on review of the plaintiffs' application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiffs claim that the District of Columbia has discriminated against them on the bases of race sex, family status, and religion, and in retaliation for their complaints, by denying emergency financial assistance from November 2011 through September 2012 for the purpose of restoring electricity and water service at their residence. *See generally* Compl. ¶¶ 3-5. According to plaintiffs, the District of Columbia "receive[s] federal and local funding for such emergencies," *id.* ¶ 3, yet refused to provide assistance on plaintiffs' request. Plaintiffs allege that they "were adversely affected by the misappropriations and mismanagement of the budget of the government of the District of Columbia," *id.* ¶ 5, and for the "conscious pain and suffering, great mental distress[,] humiliation, and . . . economic loss" they suffered, *id.* ¶ 8, they demand damages of $5 million. *Id.* ¶ 9.

1

A plaintiff is expected to "present in one suit all the claims for relief that he may have arising out of the same transaction or occurrence," *U.S. Indus., Inc. v. Blake Const. Co., Inc.*, 765 F.2d 195, 205 (D.C. Cir. 1985) (citation omitted), and under the doctrine of *res judicata*, a prior judgment on the merits of a plaintiff's claim bars the relitigation of the claim and any other claims that could have been submitted to the Court, *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (*res judicata* bars not only those issues that were previously litigated, but also those that could have been but were not raised); *I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co.*, 723 F.2d 944, 949 (D.C. Cir. 1983) (noting that *res judicata* "forecloses all that which might have been litigated previously"). Plaintiffs have filed a prior lawsuit arising from the District's alleged refusal to provide financial assistance. *See Henneghan v. District of Columbia*, __ F. Supp. 2d __, 2013 WL 76252 (D.D.C. Jan. 6, 2013).

This lawsuit is barred by res judicata, and the complaint therefore will be dismissed. An Order is issued separately.

United States District Judge

DATE: 5\6\13

2

7